LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

LAW OFFICE OF JESUS EDUARDO ARIAS, LLM
Jesus Eduardo Arias, SBN 293983
jearias@jesuseduardoarias.com
355 S. Grand Ave. Suite 2450
Los Angeles California 90071
Telephone:  (213) 943 13330
Facsimile:  (562) 463-5349

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEMENTE ZAMARRIPA-MATA, | CASE NO. CV 15-08348 SJO (JPR) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | **NOTE CHANGES MADE BY THE COURT** |
| CITY OF VENTURA; and DOES 1-10, | |
| Defendants. | |

## 1.  A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may

be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B. GOOD CAUSE STATEMENT

Through the course of discovery, plaintiff has sought from defendant City of Ventura, certain classes of documentation relating to the internal affairs investigation / force review in connection with the incident giving rise to this litigation, which defendants assert privileges afforded law enforcement through the California Penal Code and California Evidence Code, the self-critical analysis / deliberative process privilege and the official information privilege. Additionally, documents relating to officer Jason Kohagen's personnel file such as applications, background investigations, performance evaluations, complaint / disciplinary history, and training will be sought, to which apart from the above mentioned privileges, defendants assert the right to privacy protected by the U.S. and State of California Constitution. The aforementioned documents / information have been afforded protections to ensure officer safety and privacy, and are generally not made available to the general public, via privileges, state or federal statutes, court rules, case decisions, and common law.

Courts have deemed these materials discoverable under certain circumstances in 42 U.S.C. section 1983 excessive force litigation and believe that the interests of the both sides of the litigation can be served with a carefully drafted protective order.  See <u>Chism v. County of San Bernardino</u>, 159 F.R.D. 531, 535 (C.D.Cal.1994)  (endorsing use of protective order to keep internal use-of-force tactics secret); <u>Hampton v. City of San Diego</u>, 147 F.R.D. 227, 231 (S.D.Cal.1993) (endorsing use of protective order to protect privacy interests of police officers); <u>Miller v. Pancucci</u>, 141 F.R.D. 292, 301 (C.D.Cal.1992) (encouraging the use of well-tailored protective orders in discovery of police files).

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**<u>DEFINITIONS</u>**

1.1     <u>Action</u>: this pending federal law suit.

1.2     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

1.3     <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for

**STIPULATED PROTECTIVE ORDER**

protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

1.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff)

1.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

1.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

1.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

1.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

1.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

Case No. CV 15-08348 SJO (JPR)

**STIPULATED PROTECTIVE ORDER**

1.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

1.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 2. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 3. **DURATION**

Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in

advance of the trial. <u>See Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (*distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial for court filed information previously designated as confidential or maintained pursuant to this protective order.

### 4. <u>DESIGNATING PROTECTED MATERIAL</u>

4.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the applicable designation.

Case No. CV 15-08348 SJO (JPR)
**STIPULATED PROTECTIVE ORDER**

4.2   <u>Manner and Timing of Designations</u>.

Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party of Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "Confidential legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

Case No. CV 15-08348 SJO (JPR)

**STIPULATED PROTECTIVE ORDER**

1        (b)     for testimony given in depositions that the Designating Party

2  identify the Disclosure or Discovery Material on the record, before the close of the

3  deposition.

4        (c)     for information produced in some form other than documentary

5  and for any other tangible terms, that the Producing Party affix in a prominent

6  place on the exterior of the container or containers in which the information is

7  stored the legend "CONFIDENTIAL." If only a portion or portions of the

8  information warrants protection, the Producing Party, to the extent practicable,

9  shall identify the protected portion(s).

10       4.3   <u>Inadvertent Failures to Designate</u>.

11       If timely corrected, an inadvertent failure to designate qualified information

12  or items does not, standing alone, waive the Designating Party's right to secure

13  protection under this Order for such material. Upon timely correction of a

14  designation, the Receiving Party must make reasonable efforts to assure that the

15  material is treated in accordance with the provisions of this Order.

16       4.4   <u>Redaction</u>.

17       Defendants may redact highly personal and irrelevant confidential

18  information regarding police officer(s) contained in the personnel files and

19  documents, including, but not limited to, home addresses, phone numbers, names

20  of family members and references, personal injury and workers' compensation

21  information, salary information, tax return information, non-police-related

22  occupational and educational information, and similar information.  In addition,

23  defendants may redact the name, address, and telephone number of non-party

24  witnesses contained in the confidential documents concerning incidents apart from

25  the incident giving rise to this litigation.

26

27

28

Case No. CV 15-08348 SJO (JPR)

**STIPULATED PROTECTIVE ORDER**

5. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    5.1    <u>Timing of Challenges</u>.

    Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    5.2    <u>Meet and Confer</u>.

    The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, et seq. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, 37-3 and 37-4.

    5.3    <u>Burden</u>.

    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    6.1    <u>Basic Principles</u>.

    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a

1  location and in a secure manner that ensures that access is limited to the persons

2  authorized under this Order.

3      6.2     Disclosure of "CONFIDENTIAL" Information or Items.

4          Unless otherwise ordered by the Court or permitted in writing by the

5  Designating Party, a Receiving Party may disclose any information or item

6  designated "CONFIDENTIAL" only to:

7          (a)     the Receiving Party's Outside Counsel of Record in this Action,

8  as well as employees of said Outside Counsel of Record to whom it is reasonably

9  necessary to disclose the information for this Action;

10          (b)     the officers, directors, and employees (including House

11  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for

12  this Action;

13          (c)     Experts (as defined in this Order) of the Receiving Party to

14  whom disclosure is reasonably necessary for this Action and who have signed an

15  "Acknowledgment and Agreement to Be Bound"

16          (d)     the Court and its personnel;

17          (e)     court reporters and their staff;

18          (f)     professional jury or trial consultants, mock jurors, and

19  Professional Vendors to whom disclosure is reasonably necessary for this Action

20  and who have signed the "Acknowledgment and Agreement to Be Bound"

21

22          (g)     the author or recipient of a document containing the

23  information or a custodian or other person who otherwise possessed or knew the

24  information;

25          (h)     during their depositions, witnesses, and attorneys for witnesses,

26  in the Action to whom disclosure is reasonably necessary provided:

27

28

**STIPULATED PROTECTIVE ORDER**

(1)     the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and

(2)     they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the

Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or another court so orders. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 8. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a NonParty's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a

1  reasonably specific description of the information requested; and

2              (3)    make the information requested available for inspection

3  by the Non-Party, if requested.

4              (c)    If the Non-Party fails to seek a protective order from this Court

5  within 14 days of receiving the notice and accompanying information, the

6  Receiving Party may produce the NonParty's confidential information responsive

7  to the discovery request. If the Non-Party timely seeks a protective order, the

8  Receiving Party shall not produce any information in its possession or control that

9  is subject to the confidentiality agreement with the Non-Party before a

10  determination by the Court. Absent a court order to the contrary, the Non-Party

11  shall bear the burden and expense of seeking protection in this Court of its

12  Protected Material.

13

14  **9.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

15  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

16  Protected Material to any person or in any circumstance not authorized under this

17  Stipulated Protective Order, the Receiving Party must immediately:

18              (a)    notify in writing the Designating Party of the unauthorized

19  disclosures,

20              (b)    use its best efforts to retrieve all unauthorized copies of the

21  Protected Material,

22              (c)    inform the person or persons to whom unauthorized disclosures

23  were made of all the terms of this Order, and

24              (d)    request such person or persons to execute the

25  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

26  A.

27

28

13

## 10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court if the Court so allows.

## 11. MISCELLANEOUS

### 11.1 Right to Further Relief.

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### 11.2 Right to Assert Other Objections.

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### 11.3 Filing Protected Material.

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal

pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 12. **FINAL DISPOSITION**

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

**13.** Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: June 30, 2016          OFFICE OF THE CITY ATTORNEY
                              CITY OF SAN BUENAVENTURA

                              By:      /s/ Dirk DeGenna
                                   Dirk DeGenna
                                   Attorneys for Defendants


DATED: June 30, 2016          LAW OFFICES OF DALE K. GALIPO

                              By:      /s/ Eric Valenzuela
                                   Dale K. Galipo
                                   Eric Valenzuela
                                   Attorneys for Plaintiff

1  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**

2

3

4

5  DATED: July  7, 2016

6
                                    JEAN ROSENBLUTH
7                                   Honorable Jean P. Rosenbluth
8                                   United States District Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17
**STIPULATED PROTECTIVE ORDER**